IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SUSTAINABLE MEATS, LLC, | ) CASE NO. 1:23-CV-798 |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| vs. | ) |
| GRIFFON HOLDINGS, LLC, *et al.*, | ) MEMORANDUM OPINION AND ORDER |
| Defendants. | ) |

This matter is before the Court upon a Motion to Transfer Venue to the United States District Court for the Southern District of Ohio pursuant to the forum selection clause in the agreement between Plaintiff and Griffon Systems and 28 U.S.C. § 1404(a) filed by Defendants Griffon Holdings, LLC ("Griffon Holdings"), Griffon Systems, LLC ("Griffon Systems"), Griffon Farms, LLC ("Griffon Farms") and Hernando Posada (collectively, the "Griffon Defendants")(ECF #18). Plaintiff Sustainable Meats, LLC, filed its Opposition to the Motion to Transfer Venue (ECF #28) and individual Defendant Arthur Pusch also filed a Memorandum opposing transfer. (ECF #27). The Griffon Defendants filed their Reply Brief in support of transfer. (ECF #29). Defendants Dirigo Food Safety LLC and Michelle Pfannenstiel have not filed any objection to the Motion to Transfer. The motion is now fully briefed and ripe for review.

FACTS

Plaintiff, Sustainable Meats, LLC, filed its Complaint on April 18, 2023, asserting that

the Griffon Defendants breached an Agreement to fabricate and deliver modular food processing units, as well as the Settlement Agreement relating to the disputes arising under the Agreement. (Count I) In Count Two Plaintiff asserts a separate breach of contract claim against Dirigo alleging that it breached the Consulting Agreement between Plaintiff and Dirigo (Count II). In addition to its breach of contract claims concerning the Agreement and the Settlement Agreement against the Griffon Defendants and the breach of contract claim relating to the separate Consulting Agreement against Dirigo, Plaintiff alternatively pleads claims for fraudulent inducement (Count III), fraud (Count IV) and unjust enrichment (Count V) against all of the Defendants. Plaintiff also asserts claims titled Piercing the Corporate Veil–Alter Ego, Piercing the Corporate Veil–Fraud and Unjust Loss against individual Defendants Hernando Posada and Arthur Pusch, the beneficial owners and officers of the Griffon entities. (Counts VI and VII) Finally, Plaintiff asserts a claim of Piercing the Corporate Veil-Fraud and Unjust Loss against individual Defendant Michelle Pfannenstiel, the President and CEO of Dirigo. (Count VIII)

Plaintiff is a limited liability company with its principal place of business in Kuna, Idaho. All of the defendants are citizens of Ohio. Defendants Griffon Holdings, Griffon Systems and Griffon Farms are Ohio limited liability companies with their principal place of business in Litchfield, Ohio. Defendant Posada resides in Dublin Ohio and Defendant Pusch resides in Strongsville, Ohio. Defendant Dirigo is a food safety consulting business with its principal place of business in Strongsville, Ohio. Defendant Pfannenstiel, the president and CEO of Dirigo, resides in Strongsville, Ohio. Accordingly, this Court has diversity jurisdiction over this matter as the amount in controversy exceeds $75,000 and the opposing parties are citizens of different states. Moreover, venue is proper in either the Northern District or the Southern District of Ohio

under 28 U.S.C. §1391(b)(1) because "a civil action may be brought in (1) a judicial district in which any defendant resides, if all of the defendants are residents of the State in which the district is located." In this instance Defendant Posada resides in the Southern District of Ohio while the rest of the Defendants reside in the Northern District of Ohio.

The Agreement between the Griffon Defendants and Plaintiff contains a forum selection clause assigning the state or Federal courts in Franklin County, Ohio as the agreed forum:

> 21. Governing Law. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Ohio. Any proceeding to enforce this Agreement or to adjudicate any dispute arising under this Agreement may only be commenced either in the Court of Common Pleas of Franklin County, Ohio or in the United States District Court for the Southern District of Ohio, in Franklin County, and the parties hereby consent to the subject matter and personal jurisdiction of those courts for such purpose.
>
> 22. Submission to Jurisdiction. Any legal suit, action or proceeding arising out of or relating to this Agreement shall be instituted in the federal courts of the United States of America or the courts of the state of Ohio in each case located in the County of Franklin, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding.

Compl., Ex. D, ¶¶ 21-22 (ECF # 5)The Consulting Agreement between Plaintiff and Dirigo also contains a forum selection clause that selects the state and Federal courts in Cuyahoga County, Ohio as the agreed forum:

> 12. Governing Law. This Agreement is governed by and construed in accordance with Ohio law. Client consents to the exclusive jurisdiction of the state and Federal Courts of Cuyahoga County, OH.

Compl., Ex G, ¶ 12 (ECF #5).

3

## ANALYSIS

The Griffon Defendants move to transfer this action to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a) which permits transfer to any other district where venue is proper or to any district to which the parties have agreed by contract or stipulation. Here the Griffon Defendants seek to enforce the forum selection clause in their Agreement with Plaintiff.

Generally, a § 1404(a) transfer analysis balances several private and public interests. *Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 567 (6th Cir. 2019). The private interests include court deference to plaintiff's forum preference and the convenience of the parties. *Id.* Public interests derive from "the interest of justice." 28 U.S.C. § 1404(a). Among these interests is judicial economy. However, the analysis changes where there is an enforceable forum-selection clause. "Proper application of §1404(a) requires that a forum selection clause be 'given controlling weight in all but the most exceptional cases.'" *Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 59–60. (2013). The presence of a valid forum selection clause requires a district court to adjust its ususal § 1404(a) analysis in at least two ways:

> First, the plaintiff's choice of forum merits no weight, and the plaintiff, as the party defying the forum-selection clause, has the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. Second, the court should not consider the parties' private interests aside from those embodied in the forum-selection clause; it may consider only public interests. Because public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.

*Id.* at 51.

Thus, if this case involved only the Griffon Agreement, the forum selection clause in that Agreement would control as there is no argument that the forum selection clause is not contractually valid or that there are any public interests at stake regarding transfer to the Southern District of Ohio that would substantially oppose transfer. Plaintiff objects to the motion to transfer arguing that its Consulting Agreement with Dirigo contains a forum selection clause designating the federal or state courts in Cuyahoga County, Ohio as the selected forum. While Plaintiff correctly argues that not all of the Defendants here have consented to venue in the Southern District of Ohio, it is clear that Plaintiff consented to venue in the Southern District. Moreover, despite the forum selection clause in Dirigo's Consulting Agreement designating Cuyahoga County as the selected forum, Dirigo and its CEO, Ms. Pfannenstiel, have not opposed the Griffon Defendants' motion to transfer venue to the Southern District of Ohio. Such lack of objection may act as implied consent to transfer and venue in the Southern District of Ohio.

The only Defendant that objects to transfer to the Southern District is Mr. Pusch, who is a beneficial owner and officer of the Griffon Companies. As Mr. Pusch is not a party to any of the Agreements at issue, he has not explicitly consented to venue in any particular court. However, "a non-signatory to a contract, ..., may be bound by a forum selection clause in that contract if the non-signatory is sufficiently "closely related" to the dispute that it is foreseeable that the party will be bound." *Hitachi Med. Sys. Am., Inc. v. St. Louis Gynecology & Oncology, LLC*, No. 5:09-CV-2613, 2011 WL 711568, at *8 (N.D. Ohio Feb. 22, 2011) *(citations omitted.)* Some courts have noted that shareholders, officers, and directors of a corporation may be bound by a forum selection clause in a corporate contract. *See Marano Enters. of Kansas v. Z–Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir.2001); *Manetti Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d

5

509, 514 n. 5 (9th Cir.1988). There is not enough information before the Court at this time to determine if Mr. Pusch's status and position with the Griffon companies would support a finding that he should be bound by the corporations' forum selection clause. However, as noted above, since all of the Defendants are citizens of Ohio, venue is proper in both the Northern and Southern Districts of Ohio, thus Mr. Pusch's consent to venue is unnecessary.

Plaintiff's filing of this action in the Northern District of Ohio complies with the forum selection clause in the Dirigo Consulting Agreement. Both the Dirigo Consulting Agreement and the Griffon Agreement, as well as the Settlement Agreement based on the Griffon Agreement are at issue in this action. In cases involving multiple agreements with different forum-selection clauses, enforcement of all the forum-selection clauses "would lead to parallel proceedings involving the same issues in at least two different venues that could result in conflicting judgments." *Woods v. Christensen Shipyars, Ltd.*, No. 04–61432–CIV, 2005 WL 5654643, at *11 (S.D.Fla. Sept.23, 2005). Courts have found that "when enforcing 'the forum selection clauses of all the agreements' would force the parties to litigate 'in multiple forums, the exact same claims,' the Court would enforce the forum selection clause in only one agreement."*Boling v. Prospect Funding Holdings, LLC*, No. 1:14-cv-00081-GNS-HBB, 2015 WL 5680418, at *5 (W.D. Ky. Sept. 25, 2015), citing *Capsource Fin., Inc. v. Moore*, No. 11-2753, 2012 WL 2449935, at *4 (D. Minn. June 27, 2012) (quoting *Pressdough of Bismarck, LLC v. A & W Rests., Inc.*, 587 F. Supp. 2d 1079, 1086 (D.N.D. 2008). The question then becomes which forum selection clause controls.

6

In a similar situation involving conflicting forum selection clauses, the Court enforced the forum selection clause under which the majority of plaintiff's causes of action arose. *Fed. Mach. & Equip. Co. v. Tousey*, No. 1:21 CV 1422, 2022 WL 615032 (N.D. Ohio March 2, 2022). Here, Plaintiff asserts claims for breach of the Griffon Agreement and the Settlement Agreement[1] rising directly out of the Griffon Agreement as well as breach of the Dirigo Consulting Agreement. While not overwhelming, the slight majority of Plaintiff's causes of action involve the Griffon Agreement and Settlement requiring venue in the Southern District of Ohio. No party has articulated any public interest factor that would favor against transfer. Accordingly, the Griffon Defendants' Motion to Transfer Venue to the Southern District of Ohio is granted.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Transfer Venue (ECF # 18) is granted. The Clerk of Courts shall transfer this action to the United States District Court for the Southern District of Ohio,

IT IS SO ORDERED.

_____
Donald C. Nugent
UNITED STATES DISTRICT JUDGE

Date: August 17, 2023

---

[1] The Settlement Agreement does not contain a forum selection clause, but as it arises directly from the Griffon Agreement, it is subject to Southern District of Ohio forum selection clause of the Griffon Agreement.